SWANN, Judge.
The plaintiff, Bertha Raphael Fern, sought to set aside an antenuptial agreement and to restrain the executors of her husband’s estate from distributing the assets of the estate. The co-executors’ interlocutory appeal and full appeal have been consolidated for appellate purposes.
The primary thrust of the appellants’ attack on the final decree is directed to the chancellor’s ruling that the antenuptial agreement between the appellee, Bertha Raphael Fern, and her late husband was invalid. It is argued that the lower court committed reversible error in not applying Fla.Stat. § 90.05, F.S.A. (Dead Man’s Statute) to exclude certain testimony by the widow, Bertha Fern, as to the nature and extent of her late husband’s disclosure of the assets he kept in a safety deposit box.
The chancellor made extensive findings of fact in which he noted, inter alia, that the agreement was unreasonable on its face and that the co-executors had failed to carry their burden of showing that a full disclosure of assets had been made to Mrs. Fern, then Mrs. Raphael, at the time she executed the antenuptial agreement. See Del Vecchio v. Del Vecchio, Fla.1962, 143 So.2d 17.
The lower court stressed that its findings were not predicated solely upon the testimony of Mrs. Fern regarding the dis *292 closure of the contents of the safety deposit box. The final decree stated, in part:
* * * * * *
“The Court finds that assuming argu-endo that Mr. Fern revealed the contents of the box to Mrs. Raphael and assuming further that Max Fern’s stocks were in the box, the Court must find that such action on Mr. Fern’s part did not constitute a full and frank disclosure inasmuch as there was uncontroverted evidence that as of November 26, 1962, $968,547 worth of Max Fern’s stock was in New York in the office of his stockbroker where it was being used as collateral in a margin account.
* * * * * *
“The Court finds that even if this disclosure by Max Fern took place that the same fell far short of disclosing to Mrs. Raphael the approximate value of his property. The Supreme Court has defined the term ‘approximate’ for this purpose to be synonymous with ‘near’, ‘close to’ or ‘approaching’. Del Vecchio v. Del Vecchio, supra.”
* * * * * *
The court also made a specific finding that Max Fern had substantially understated his wealth in a sworn F.H.A. application made in the presence of Mrs. Fern just two days prior to the execution of the antenuptial agreement.
 It appears, therefore, that the challenged testimony was disregarded by the Chancellor in making his findings and determination that the decedent hád not made a full and complete disclosure to the plaintiff’s wife. In our review of the record, we have found sufficient, competent and substantial evidence, independent of that which was challenged, to support the Chancellor’s findings. Where the competent evidence in the record is sufficient to sustain the decree of the court below, it will not be disturbed on appeal because incompetent evidence appears in the record. See Holmberg v. Hardee, 90 Fla. 787, 108 So. 211 (1926); Bernstein v. Common Markets, Inc., Fla.App.1966, 183 So.2d 290, Fla.Stat. § 54.23, F.S.A.
Consequently, the final decree of the Chancellor is affirmed.
The point involved in the interlocutory appeal was phrased by the appellants as,
* * * * * *
“Should a final summary judgment be entered awarding a certain furniture and personalty to a wife who executed an antenuptial agreement which specifically provided that she would relinquish all claims and right in and to her husband’s real and personal property and her right of dower where the court had not yet made a determination as to the validity of such antenuptial agreement.”
* * * * * *
In light of our affirmance of the chancellor’s final decree that the antenuptial agreement was invalid, the widow’s rights could not be foreclosed by such agreement.
Accordingly, the decrees of the lower court herein challenged are
Affirmed.